CALOGERO, Justice,
concurring.
I concur in the result reached by the majority, that there is no constitutional bar to legislative authorization to the Orleans Parish Criminal District Court to adjudicate a civil matter, and, too, that questions concerning commitment, transfer and discharge of a person acquitted of a felony or capital offense by reason of insanity are governed by La.C.Cr.P. arts. 654 — 658 rather than by the Mental Health Act of 1977 (La.R.S. 28:1 et seq.). However, on the latter point, I disagree with the reasoning, or at least with certain assertions by the majority.
The majority reasons that La.C.Cr.P. arts. 654 and 657 supersede the Mental Health Act provisions because they were amended in 1982, after the enactment of the Mental Health provisions. However, the amendment, in which the majority places emphasis, was very minor and did nothing more than add, delete and change a few words.[1]
*419 These minor amendments evidence no intent on the part of the Legislature to effect a superseding of the Mental Health Act.
However, I do concur in the result reached, for the following reasons. La. R.S. 28:59 (a provision of the Mental Health Act) as originally enacted, came from 1946 La.Acts No. 303. The provisions of Act No. 303 of 1946 were similar to the present ones, and dealt with commitment procedures generally. La.C.Cr.P. arts. 654 and 657 were enacted thereafter, in 1966, to deal specifically with persons acquitted of crimes because of insanity. In my view, it is this later enactment, in 1966, of the criminal procedure provisions, dealing with a specific group of persons to be committed, that was otherwise covered by the broader Mental Health provisions, which constitutes a superseding of the Mental Health provisions by the criminal procedure provisions.
The Official Revision Comments to La.C. Cr.P. art. 654 support this view and provide in pertinent part:
Under general provisions of the Louisiana Mental Health Law (R.S. 28:59) the court was empowered to, and usually did, order the defendant committed to a mental institution. However, this provision was permissive, not mandatory; and it also necessitated civil commitment procedures. This article provides for prompt disposal of the question pursuant to this Code, rather than discretionary handling of the case under the general mental health law.
Thus, in my view, it is the enactment of La.C.Cr.P. arts. 654 and 657 in 1966, subsequent to the enactment of La.R.S. 28:59, which supports the conclusion that the criminal provisions superseded the Mental Health provisions, rather than the fact that La.C.Cr.P. arts. 654 and 657 were amended in minor respects in 1982.

. The following changes were made to La.C. Cr.P. art. 654:
Deleted "can be” following "discharged or” and preceding "released”, deleted the comma following "probation” and substituted “the *419 court” for "it” in the third sentence, and added the last sentence in the second paragraph.
The following changes were made to La.C.Cr.P. art. 657:
Inserted ", and upon filing written findings of fact and conclusions of law,” in the second sentence.